10-508-ag
Nilaj v. Holder
BIA
Nelson, IJ
A093 409 785

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

————————————————————————————

MANDI NILAJ,
> *Petitioner,*

> v.                                          10-508-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

————————————————————————————

FOR PETITIONER:          Michael P. DiRaimondo, Melville, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Office of Immigration Litigation, Civil

**Division, United States Department**
**of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mandi Nilaj, a native and citizen of Albania, seeks review of a January 19, 2010 order of the BIA affirming the March 21, 2008 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mandi Nilaj*, No. A093 409 785 (B.I.A. Jan. 19, 2010), *aff'g* No. A093 409 785 (Immig. Ct. N.Y. City Mar. 21, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

As an initial matter, although Nilaj challenges the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir. 2006). Where the BIA "agrees with the IJ's conclusion that a petitioner is not credible and . . . emphasizes

particular aspects of that decision," we review "both the BIA's and IJ's opinions–or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standard of review is well-established. *See* 8 U.S.C. § 1252(b)(4); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

We find no error in the agency's reliance on the discrepancies between Nilaj's testimony and his asylum application in finding him not credible. For asylum applications governed by the REAL ID Act, the agency may, in light of the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Here, the IJ reasonably determined that the inconsistency between Nilaj's testimony that his first arrest occurred in April 2005, and his asylum application, which stated that the arrest occurred in November 2005, undermined Nilaj's credibility, especially

3

considering that Nilaj amended his application twice and affirmed that the information in his application was true and correct. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Additionally, the IJ reasonably found Nilaj's testimony regarding his actions immediately following his alleged beating to be implausible and inconsistent. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007); *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). The IJ also considered and reasonably rejected the explanations Nilaj offered for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Moreover, the IJ reasonably concluded that Nilaj's failure to provide adequate corroboration for his claim further undermined his already questionable credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As to the corroborating evidence Nilaj did submit, we defer to the IJ's determination that this evidence was of little corroborative value because his medical record was suspect and the letter from his former employer omitted any mention of Nilaj's problems with the Democratic Party. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (explaining that the weight afforded to the applicant's evidence in immigration proceedings lies largely

4

within the discretion of the IJ).

Finally, because substantial evidence supports the agency's adverse credibility determination, and because the only evidence of a threat to Nilaj's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes the success of Nilaj's withholding of removal and CAT claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk